UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,
on behalf of all similarly situated Wisconsin Department
of Corrections inmates,

        Plaintiffs,

    -vs-                                      Case No. 15-CV-1435

EDWARD WALL, GARY BOUGHTON,
MARK KARTMAN, DAVID GARDNER,
DARYL FLANNERY, DANE ESSER,
LARRY PRIMMER, LEBBEUS BROWN,
JOHN SHARPE, JONI SHANNON-SHARPE,
DANIEL LEFFLER, CRAIG TOM,
JOSEPH DREZEN, JOSEPH CICHANOWICZ,
MATTHEW SCULLION, ROBERT BOOHER,
JENNIFER SICKINGER, MICHAEL SHERMAN
T. GOVIER, ANDREW JONES, PAUL KIRSTEN,
COLTON FIELDS, JOSHUA CAMPEAU,
CODY KEEHN, CO KOENIG, CO LARSEN,
CO OSTROVSKI, CO HEHNE, WILLIAM BROWN,
ELLEN RAY, DR. TRACY JOHNSON,
DR. TORRIA VAN BUREN, VICTORIA SEBRANIK
JIM SCHWOCHERT, KAREN GOURLIE,
WELCOME ROSE, CHARLES FACKTOR,
CINDY O'DONNELL, DIEDRE MORGAN,
UNKNOWN CO, and UNKNOWN DAI OFFICIAL,

        Defendants.

# SCREENING ORDER

      The *pro se* plaintiff is a Wisconsin state prisoner. He filed this class action lawsuit under 42 U.S.C. § 1983. This matter comes before the court on Tatum's petition to proceed *in forma pauperis*. He has been assessed

and paid an initial partial filing fee of $.12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It

- 2 -

Case 2:15-cv-01435-LA   Filed 05/05/16   Page 2 of 13   Document 14

is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

- 3 -

Case 2:15-cv-01435-LA   Filed 05/05/16   Page 3 of 13   Document 14

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## **Complaint Allegations**

Tatum was incarcerated at the Wisconsin Secure Program Facility at all times relevant. He brings this case as a class action on behalf of all similarly situated Wisconsin Department of Corrections inmates against 41 defendants. Tatum alleges that policies and customs of a "Blue code of Silence" have violated the plaintiffs' rights under federal and state law. (Dkt. No. 1 at 6.)

According to Tatum, individually and as a part of the policy of the

- 4 -

Blue Code of Silence, he has been subjected to multiple violations of his rights. The Blue Code of Silence allegedly uses various tactics to reinforce its policies, such as ensuring that the Inmate Complaint Review System is a sham, obstructing the plaintiffs' access to attorneys and to the courts, and lying in official reports. The perpetuation of the Blue Code of Silence has allegedly resulted in constitutional violations, such as: denial of due process; denial of access to the courts; excessive force, unnecessary strip searches and sexual assault; retaliation; unlawful conditions of confinement in observation status; forced medical intervention and force-feeding; unlawful in-cell cameras; assault/battery/distress; unlawful conditions of confinement related to unfair and unnecessary security precautions; and denial of equal protection.

It appears that the plaintiff attempts to join all 41 defendants and multiple claims together in one action under the Wisconsin Department of Corrections' Blue Code of Silence because all defendants allegedly acted pursuant to that policy. Specifically, he alleges:

> Def. Boughton operates WSPF under a custom or written policy known as the "Blue Code" or "Code of Silence" (COS), which is a prevalent and illegal system operating WI-DOC wide under def. Wall wherein staff will and must cover-up and lie for each other and against an inmate or inmates, or otherwise act (harass or retaliate) against an inmate or inmates to assist another staff members efforts against them,

regardless of the illegality of those actions and esp. if the "target" inmate or inmates file lawsuits, report staff misconduct, or is personally disliked by 1 or more staff for any reason. All ranks, up to Boughton at WSPF level and Wall WI-DOC (Madison – Central Ofc)-side, are COS facilitators and participants.

The primary goals of the COS "custom" is to cover-up and prevent prosecution of staff misconduct and establish an "us v. them" team mentality against inmates by "teaming-up" v. plaintiff even pursuant to illegal conduct. These goals are achieved by lying in official records and reports, intentionally mishandling and refusing to process staff misconduct ICIs, refusals to discipline even overt misconduct of staff reported, and retaliating against and harassing plaintiffs who report or file lawsuits.

The environment created by the COS "custom" in allowing and covering up staff misconduct is a potential and actual danger to plaintiffs' health and safety (as even highly illegal acts may be perpetrated w/o repercussions), demoralizes Plaintiffs in having no recourse for inflicted wrongs – detrimental to mental health and effective rehabilitation, and puts plaintiffs at a high risk for self-harm. The COS custom can be reasonably attributed to correlatingly [sic] high suicide rates in WI-DOC, which is higher than the national average among prisons.

(Dkt. No. 1 at 8 ¶¶ 17-19.)

Additionally, he alleges that "[s]tate courts, judges, and personnel in WI, facilitate the COS custom overtly or implicitly by deliberate indifference to, and failure to properly investigate, illegal acts Plaintiffs report in John Doe actions and other court filings and hearings, reinforcing the negative behaviors of COS participants and the damaging effects to

- 6 -

plaintiffs." (Dkt. No. 1 at 9 ¶ 22.)

For relief, Tatum seeks declaratory judgment, injunctive relief, compensatory damages, and punitive damages.

## **Class Action**

As indicated, it appears that Tatum seeks to bring a class action. To the extent that he requests class certification, under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the class must be provided adequate representation. Because of this requirement, courts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015); s*ee also, Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D. N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."); *see also Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Because Tatum is proceeding *pro se*, the Court will not certify a class action in this case.

## Discussion

Under Federal Rule of Civil Procedure 8, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must also be mindful, however, that it should not allow defendants to be subjected to "paranoid *pro se* litigation ... alleging ... a vast, encompassing conspiracy" unless plaintiff meets a "high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *see also Walton v. Walker*, 364 F.App'x. 256, 258 (7th Cir.2010) (unpublished). The plaintiff's complaint links all of his allegations against 41 defendants under the umbrella of a Blue Code of Silence that includes not only all ranks of the Wisconsin Department of Corrections, but also judges, courts, and other Wisconsin state personnel. Tatum links all of these claims by alleging that the defendants' actions were done in order to facilitate the DOC's Blue Code of Silence custom and/or the defendants acted pursuant to the Blue Code of Silence custom. The Court rejects this conspiracy claim as implausible. *See Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010). Tatum may not proceed on his claim that the DOC's custom of a Blue Code of Silence is the moving force behind his allegations.

That leaves the plaintiff's multitude of claims against the 41

- 8 -

defendants. Based on these allegation, the plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the

action."

The Court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* The plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action.

The plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files an amended complaint, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Further, the plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C.

§ 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order directing WSPF to pay initial fee, or motion to waive fee (Docket 12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file an amended complaint on or before **May 26, 2016**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **May 26, 2016**, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action may be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's

prisoner trust account the $349.88 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 5th day of May, 2016.

                            **BY THE COURT:**

                            */s/ Rudolph T. Randa*
                            **HON. RUDOLPH T. RANDA**
                            **U.S. District Judge**