# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

    Plaintiff,

-vs-                                                Case No. 15-CV-1435

**EDWARD WALL, et al.,**

    Defendants.

## DECISION AND ORDER

The plaintiff has filed a motion for reconsideration of the Court's May 5, 2016, Order screening his complaint. (ECF No. 16.) He contends that the Court erred because, (1) the Court lacks jurisdiction over this action since the plaintiff consented to magistrate judge jurisdiction under 28 U.S.C. § 636; (2) the Court erroneously determined that the plaintiff's complaint allegations were implausible; (3) the Court directed the plaintiff to file an amended complaint and stated that if he failed to file an amended complaint the case might be dismissed for failure to prosecute; and (4) the Court denied class certification based on the plaintiff's *pro se* status.

### Standard of Review

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the

parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D.Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir.1987); compare *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

Discussion

On May 5, 2016, the Court issued an order screening the plaintiff's class action complaint. (ECF No. 14.) The Court declined to certify a class because the plaintiff is proceeding *pro se*. (ECF No. 14 at 7.) Next, the Court determined that the plaintiff could not proceed on his claim against the 41 defendants alleging the Wisconsin Department of Corrections' custom of a "Blue Code of Silence" was the moving force behind his allegations because the plaintiff's conspiracy claim was implausible. (*Id.* at 8.) Lastly, the Court found that the plaintiff's complaint against the 41 defendants violated Federal Rules of Civil Procedure 18 and 20 insofar as it

advanced unrelated claims against unrelated defendants. (*Id.* at 10.) The Court directed the plaintiff to file an amended complaint incorporating only properly related claims if he wanted to proceed and advised the plaintiff that failure to file an amended complaint might result in dismissal of the case for failure to prosecute.

### A.   Magistrate Judge Jurisdiction

First, the plaintiff takes issue with the fact that this case was not transferred to a magistrate judge after he consented to magistrate judge jurisdiction. In the Eastern District of Wisconsin, magistrate judges "are designated to exercise the jurisdiction and authority provided by 28 U.S.C. § 636(c), when <u>all parties</u> consent to it[.]"  Gen. L.R. 73 (E.D. Wis.) (emphasis added).  At this time, only the plaintiff has consented to magistrate judge jurisdiction.  Thus, transfer to a magistrate judge would be premature.

### B.   Class Action

The Court denied class action status because the plaintiff is *pro se*. It would be improper for the Court to certify a case where the class representative is *pro se*. *See* Fed. R. Civ. P. 23(a)(4); *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015).  The plaintiff has not shown that the Court erred by declining to consider the other Rule 23(a) factors.

- 3 -

## C.  Plausibility of Plaintiff's Complaint

In screening the complaint, the Court determined that the plaintiff's claim that the Wisconsin Department of Corrections' custom of a Blue Code of Silence is the moving force behind his allegations was implausible.

> According to Tatum, individually and as a part of the policy of the Blue Code of Silence, he has been subjected to multiple violations of his rights. The Blue Code of Silence allegedly uses various tactics to reinforce its policies, such as ensuring that the Inmate Complaint Review System is a sham, obstructing the plaintiffs' access to attorneys and to the courts, and lying in official reports. The perpetuation of the Blue Code of Silence has allegedly resulted in constitutional violations, such as: denial of due process; denial of access to the courts; excessive force, unnecessary strip searches and sexual assault; retaliation; unlawful conditions of confinement in observation status; forced medical intervention and force-feeding; unlawful in-cell cameras; assault/battery/distress; unlawful conditions of confinement related to unfair and unnecessary security precautions; and denial of equal protection.
>
> It appears that the plaintiff attempts to join all 41 defendants and multiple claims together in one action under the Wisconsin Department of Corrections' Blue Code of Silence because all defendants allegedly acted pursuant to that policy.
>
> Specifically, he alleges:
>
>> Def. Boughton operates WSPF under a custom or written policy known as the "Blue Code" or "Code of Silence" (COS), which is a prevalent and illegal system operating WI-DOC wide under def. Wall wherein staff will and must cover-up and lie for each other and against an inmate or inmates, or otherwise act (harass or retaliate) against an inmate or inmates to assist another staff members

- 4 -

Case 2:15-cv-01435-LA   Filed 06/14/16   Page 4 of 11   Document 17

> efforts against them, regardless of the illegality of those actions and esp. if the "target" inmate or inmates file lawsuits, report staff misconduct, or is personally disliked by 1 or more staff for any reason. All ranks, up to Boughton at WSPF level and Wall WI-DOC (Madison – Central Ofc)-side, are COS facilitators and participants.
>
> The primary goals of the COS "custom" is to cover-up and prevent prosecution of staff misconduct and establish an "us v. them" team mentality against inmates by "teaming-up" v. plaintiff even pursuant to illegal conduct. These goals are achieved by lying in official records and reports, intentionally mishandling and refusing to process staff misconduct ICIs, refusals to discipline even overt misconduct of staff reported, and retaliating against and harassing plaintiffs who report or file lawsuits.
>
> The environment created by the COS "custom" in allowing and covering up staff misconduct is a potential and actual danger to plaintiffs' health and safety (as even highly illegal acts may be perpetrated w/o repercussions), demoralizes Plaintiffs in having no recourse for inflicted wrongs – detrimental to mental health and effective rehabilitation, and puts plaintiffs at a high risk for self-harm. The COS custom can be reasonably attributed to correlatingly [sic] high suicide rates in WI-DOC, which is higher than the national average among prisons.

(Dkt. No. 1 at 8 ¶¶ 17-19.)

Additionally, he alleges that "[s]tate courts, judges, and personnel in WI, facilitate the COS custom overtly or implicitly by deliberate indifference to, and failure to properly investigate, illegal acts Plaintiffs report in John Doe actions

- 5 -

> and other court filings and hearings, reinforcing the negative behaviors of COS participants and the damaging effects to plaintiffs." (Dkt. No. 1 at 9 ¶ 22.)
>
> . . .
>
> Under Federal Rule of Civil Procedure 8, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must also be mindful, however, that it should not allow defendants to be subjected to "paranoid pro se litigation ... alleging ... a vast, encompassing conspiracy" unless plaintiff meets a "high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *see also Walton v. Walker*, 364 F.App'x. 256, 258 (7th Cir.2010) (unpublished). The plaintiff's complaint links all of his allegations against 41 defendants under the umbrella of a Blue Code of Silence that includes not only all ranks of the Wisconsin Department of Corrections, but also judges, courts, and other Wisconsin state personnel. Tatum links all of these claims by alleging that the defendants' actions were done in order to facilitate the DOC's Blue Code of Silence custom and/or the defendants acted pursuant to the Blue Code of Silence Custom. The court rejects this conspiracy claim as implausible. *See Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010).

(ECF No. 14 at 4-7, 8.)

In his motion for reconsideration, the plaintiff states that the Court ignored the fact that not only did he allege that a Blue Code of Silence exists, but he also provided specific examples of its existence. According to the plaintiff, he cited a legal conclusion that a Blue Code of Silence exists, which is "largely supported by a complaint system that shields officers

- 6 -

from liability and obstructs court resolve intentionally, and this created an environment allowing rights violations and even serious criminal conduct of staff to go unchecked and continuously perpetrated against inmates[.]" (ECF No. 16 at 2.) The plaintiff goes on to state that he "also cited several specific instances of abuse, failure to investigate and discipline officer misconduct, complaint obstruction, and rights violations, proving a persistent pattern by factual allegations to support the legal conclusion that a COS exists." (*Id.*)

Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plausibility requires the plaintiff to give the court "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Factual allegations that are "sketchy or implausible" may be insufficient to provide a defendant with adequate notice of the plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). While the Court will generally accept as true the allegations contained in the plaintiff's complaint, this does not require the court to "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

- 7 -

Here, the plaintiff alleges all defendants were acting pursuant to the Blue Code of Silence "agenda" or custom, whether they were improperly returning or rejecting his inmate complaints, obstructing his mail, improperly reading his mail, obstructing his access to the courts, illegally monitoring his telephone calls, taking away his phone privileges, lying in official reports, retaliating against him, improperly strip searching him, imposing atypical conditions of confinement without a hearing, condoning the use of force or using excessive force, issuing false and frivolous conduct reports, being deliberately indifferent to his mental health, or singling him out for harsher treatment than other inmates. It is this allegation – that every that action the defendants did was pursuant to the Blue Code of Silence agenda – that the Court finds implausible. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *see also Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010).

The plaintiff also takes issue with the fact that the Court did not clarify which claims were allegedly improperly joined. However, the plaintiff should decide on which of his individual claims he wants to proceed in this case. Any other claims he is free to bring in another case. As described in the Screening Order:

As instructed by the Seventh Circuit Court of Appeals, under

- 8 -

> the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.
>
> Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."
>
> The Court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* The plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action.

(ECF No. 14 at 9-10.)

The plaintiff is advised that if he wants to proceed, he may file an amended complaint as described above.

- 9 -

### D. Failure to Prosecute Dismissal

The Court's order of May 5, 2016, directed the plaintiff to file an amended complaint containing properly joined claims. The Court also directed that if the plaintiff failed to file a timely amended complaint, the action might be dismissed for failure to prosecute. Contrary to the plaintiff's assertions in his motion for reconsideration, the Court did not dismiss the complaint due to misjoinder. Rather, the Court provided the plaintiff with an opportunity to file an amended complaint.

### E. Conclusion

The plaintiff has not shown that the Court's May 5, 2016, order contains a manifest error of law. Therefore, the Court will deny his motion for reconsideration. The Court will provide the plaintiff with another opportunity to file an amended complaint with claims properly joined as described by the guidelines in this order. The plaintiff is advised that this case may be dismissed without prejudice for failure to prosecute if the plaintiff fails to timely file an amended complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff may file an

amended complaint on or before **July 7, 2016**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that the plaintiff does not file an amended complaint by **July 7, 2016**, that complies with the requirements of Rule 18 and 20, Federal Rules of Civil Procedure, this action may be dismissed for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2016.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**