UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

    **Plaintiff,**

    v.                                    Case No. 15-CV-1435

**EDWARD WALL, et al.,**

    **Defendants.**

## ORDER

On August 3, 2016, due to the unavailability of Judge Rudolph T. Randa, this case was reassigned to Judge Lynn Adelman. Before the court is plaintiff's motion for reconsideration of Judge Randa's June 14, 2016, order denying plaintiff's motion for reconsideration of the Screening Order. The court will address plaintiff's motion herein.

### Standard of Review

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir.1987); compare *Moro v. Shell Oil*

*Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

### Background: Complaint, Screening Order and Order Denying Plaintiff's First Motion for Reconsideration

On December 1, 2015, plaintiff filed a class action complaint on behalf of all similarly situated Wisconsin Department of Corrections inmates against forty-one defendants. (ECF No. 1.) Plaintiff submitted his initial partial filing fee on March 7, 2016. *See* 28 U.S.C. § 1915(b)(1).

On May 5, 2016, Judge Randa screened the complaint under 28 U.S.C. § 1915A. (ECF No. 14.) In the Screening Order, Judge Randa: (1) declined to certify a class because the plaintiff is proceeding *pro se*; (2) determined that plaintiff could not proceed on his claim against the forty-one defendants alleging the Wisconsin Department of Corrections' custom of a "Blue Code of Silence" was the moving force behind his allegations because plaintiff's conspiracy claim was implausible; and (2) found that plaintiff's complaint against the forty-one defendants violated Federal Rules of Civil Procedure 18 and 20 insofar as it advanced unrelated claims against unrelated defendants. (*Id.* at 7-10.) Judge Randa directed plaintiff to file an amended complaint incorporating only properly related claims if he wanted to proceed and advised plaintiff that failure to file an amended complaint might result in dismissal of the case for failure to prosecute. (*Id.* at 10-11.)

On May 11, 2016, plaintiff filed a motion for reconsideration of the Screening Order. (ECF No. 16.) In this first motion for reconsideration, plaintiff argued that the

2

Case 2:15-cv-01435-LA   Filed 08/16/16   Page 2 of 8   Document 21

court erred in the Screening Order because, (1) the court lacked jurisdiction over this action since plaintiff consented to magistrate judge jurisdiction under 28 U.S.C. § 636; (2) the court erroneously determined that plaintiff's complaint allegations were implausible; (3) the court directed the plaintiff to file an amended complaint and stated that if he failed to file an amended complaint the case might be dismissed for failure to prosecute; and (4) the court denied class certification based on plaintiff's *pro se* status.

On June 14, 2016, Judge Randa issued an order denying plaintiff's motion for reconsideration of the Screening Order. (ECF No. 17.) He determined that the court did not lack jurisdiction and that transfer to a magistrate judge would be premature because the defendants had not yet consented to magistrate judge jurisdiction (defendants have not yet been served), *see* Gen. L.R. 73 (E.D. Wis.) and 28 U.S.C. § 636(c). (*Id.* at 3.) Judge Randa also concluded that plaintiff did not show that the court erred by denying his request for class certification because plaintiff is *pro se*, *see* Fed. R. Civ. P. 23(a)(4), *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015). (ECF No. 17 at 3.)

Next, Judge Randa reiterated his finding that the complaint allegations were implausible:

> Here, the plaintiff alleges all defendants were acting pursuant to the Blue Code of Silence "agenda" or custom, whether they were improperly returning or rejecting his inmate complaints, obstructing his mail, improperly reading his mail, obstructing his access to the courts, illegally monitoring his telephone calls, taking away his phone privileges, lying in official reports, retaliating against him, improperly strip searching him, imposing atypical conditions of confinement without a hearing, condoning the use of force or using excessive force, issuing false and frivolous conduct reports, being deliberately indifferent to his mental health, or

3

singling him out for harsher treatment than other inmates. It is this allegation – that every action the defendants did was pursuant to the Blue Code Silence agenda – that the Court finds implausible. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *see also Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010).

(ECF No. 17 at 8.)

Then, Judge Randa acknowledged that plaintiff took issue with the fact that the court did not clarify which of his claims were allegedly improperly joined. Judge Randa directed plaintiff that he should decide which of his individual claims, if any, he wanted to proceed on in this case and that he was also free to bring claims in another case(s). (*Id.*) Judge Randa reiterated the guidelines for filing properly joined claims and directed that if plaintiff wanted to proceed, he could file an amended complaint in compliance with those guidelines. (*Id.* at 8-9.)

Lastly, Judge Randa clarified that, contrary to plaintiff's assertions in his motion for reconsideration, the court did not dismiss the complaint due to misjoinder, but rather provided plaintiff with an opportunity to file an amended complaint. (*Id.* at 10.) Judge Randa also directed that if plaintiff failed to timely file an amended complaint, the action might be dismissed for failure to prosecute. (*Id.*)

## Plaintiff's Second Motion for Reconsideration

On June 17, 2016, plaintiff filed a motion for reconsideration of Judge Randa's June 14, 2016, order denying his motion for reconsideration of the Screening Order. First, plaintiff contends that Judge Randa lacked jurisdiction to issue the order because plaintiff consented to magistrate judge jurisdiction and defendants have not. According to plaintiff, Judge Randa disregarded 28 U.S.C. § 636(c). However, this case will be

4

transferred to a magistrate judge only if defendants also consent to magistrate judge jurisdiction. Defendants will not have the option to consent to magistrate judge jurisdiction until they appear in this case (the court will order service only after it screens a complaint that states a plausible claim for relief). In the meantime, the district judge (previously Judge Randa and now Judge Adelman) has jurisdiction over this case.

Second, plaintiff contends that the court overlooked and misapprehended his positions on class certification, "which were that the court failed to screen Tatum's allegations and circumstances accord to F.R.Civ.P. 23(a)(1-3) requirements, and abused its discretion in failing to consider appointing class counsel to meet Rule 23(a)(4) mandates." (ECF No. 18 at 1.) The court understands that plaintiff would like the court to appoint an attorney to represent him in a class action. However, Judge Randa properly determined that it would be improper for the court to certify a class action where the class representative is *pro se*. *See* Fed. R. Civ. P. 23(a)(4); *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015). Plaintiff has not shown that this decision was in error.

Next, plaintiff contends that Judge Randa disregarded relevant case law on "plausibility," substantially misapprehended plaintiff's position, and overlooked key facts. According to plaintiff, Judge Randa's determination that defendants acted "pursuant to" the "Code of Silence" is incorrect. Instead, plaintiff explains his position as follows:

> Tatum's position is that a "Code of Silence" exists, which allows and covers-up staff misconduct in the DOC. The "COS" constitutes an unwritten policy and custom under Monell, and this custom caused the rights violations as alleged, which is highly "plausible" and the reality – A "COS" giving officers the assurance that misconduct will be tolerated,

5

> covered-up, and even encouraged, AND having wide officer participation, see U.S v. Ambroso, 740 F.2d 505, 521 (7th Cir 1984) (when a COS is existent "most [officers] observe it"), will naturally lead to multiple rights violations as alleged – excessive uses of force, illegally obstructing mail and access to courts, etc. – based on the environment a COS creates. "Judicial experience" as contemplated by Iqbal will naturally include previous case holdings related to claims and deference thereto, requiring this Court to recognize the holding in U.S. v. Ambroso, cited above, and Tatum's claims are far from "sketchy or implausible" given the above context. To the contrary, Tatum's alleging that a "COS" custom causing his multiple claims "present(s) a story that holds together." Swanson, 614 F.3d 400, 404. The Court's misapprehension of Tatum's claims, and overlook of case precedent and key facts is "manifest error" warrant of reversal.

(ECF No. 18 at 2.) However, whether plaintiff characterizes his claim that the Code of Silence caused defendants to violate his constitutional rights, allowed defendants to violate his constitutional rights, or, as Judge Randa stated it, that defendants were acting "pursuant to" the Code of Silence when they violated plaintiff's rights, this allegation is implausible, as explained in the Screening Order and in the order denying plaintiff's first motion for reconsideration. (ECF No. 14 at 8; ECF No. 17 at 4-8.) Plaintiff has not shown that Judge Randa's order denying plaintiff's motion for reconsideration contains a manifest error of law.

Lastly, plaintiff contends that Judge Randa disregarded the holding in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), when he permitted plaintiff to file an amended complaint consisting of only properly joined claims. According to plaintiff, under *George*, the court should remedy the misjoinder by separating plaintiff's claims into separate suits. Plaintiff also contends that the court's seeking or threatening dismissal violates *George* and Federal Rule of Civil Procedure 21.

6

Unrelated claims against different defendants belong in separate lawsuits, not only "to prevent the sort of morass" produced by multi-claim, multi-defendants suits, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(b)(g). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George*, 507 F.3d at 607). Complaints that contain unrelated claims against different defendants should be "rejected," *George*, 507 F.3d at 607, "either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Owens*, 635 F.3d at 952.

The practice in this district when plaintiffs file complaints that contain unrelated claims against different defendants is to alert plaintiff of the problem and allow them to file an amended complaint that complies with the Federal Rules of Civil Procedure. The court permits plaintiffs the opportunity to select which claim or claims they wish to continue with in the present lawsuit, and also notifies them that they may file a new case or cases with regard to any additional claim(s).

In this case, plaintiff's underlying claim regarding the Blue Code of Silence has been dismissed. It is not clear what plaintiff wants to do with this case now. The court will not assume that plaintiff wants to pursue individual claims against the forty-one defendants. Rather, as explained in the Screening Order and in the order denying plaintiff's motion for reconsideration, the court will provide plaintiff with an opportunity to file an amended complaint that contains properly related claims. "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2

7

against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences'. Rule 20(a)(1)(A)." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

If plaintiff fails to file an amended complaint as described in this order, the court may dismiss this case. *See* Fed. R. Civ. P. 41(b); Civil L.R. 41(c) (E.D. Wis.). Plaintiff takes issue with the threat of dismissal for failure to prosecute since it is clear that he wants to prosecute this case. Plaintiff is advised that along with prosecuting this case he is required to follow the court's orders. Repeated failure to follow the court's orders may be grounds for dismissal for failure to prosecute or may be grounds for dismissal standing alone. *See* Fed. R. Civ. P. 41(b).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket 18) is **DENIED**

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint as described herein by **September 8, 2016**, or this case may be dismissed.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2016.

**BY THE COURT:**

s/ Lynn Adelman

_____
LYNN ADELMAN
United States District Judge