UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

    Plaintiff,

v.                                Case No. 15-CV-1435

EDWARD WALL, GARY BOUGHTON,
MARK KARTMAN, DAVID GARDNER,
DARYL FLANNERY, DANE ESSER,
LARRY PRIMMER, LEBBEUS BROWN,
JOHN SHARPE, JONI SHANNON-SHARPE,
DANIEL LEFFLER, CRAIG TOM,
JOSEPH DREZEN, JOSEPH CICHANOWICZ,
MATTHEW SCULLION, ROBERT BOOKER,
JONNIFER SICKINGER, MICHAEL SHERMAN,
T. GOVIER, ANDREW JONES, PAUL KIRSTEN,
COLTON FIELDS, JOSHUA CAMPEAU,
CODY KEEHN, CO KOENIG, CO LARSEN,
CO OSTROVSKI, CO HEHNE,
WILLIAM BROWN, ELLEN RAY,
DR. TRACY JOHNSON, DR. TORRIA VAN BUREN,
VICTORIA SEBRANIK, JIM SCHWOCHERT,
KAREN GOURLIE, WELCOME ROSE,
CHARLES FACKTOR, CINDY O'DONNELL,
DIEDRE MORGAN, UNKNOWN CO #1,
AND UNKNOWN DAI OFFICIAL,

    Defendants.

## ORDER

In response to plaintiff's motion for a final order allowing him to contest the merits of his complaint's sufficiency (Docket 22), on November 3, 2016, the court issued an order directing plaintiff to inform the court whether he consented to the court entering final judgment on merits and thereby extinguishing his right to bring stand-alone claims against defendants (Docket 24). Plaintiff filed a response indicating that he does not

consent to this. In his response, plaintiff reiterates his objections to the court's decisions not allowing him to proceed on his Blue Code of Silence claim. He requests a hearing to clarify his claim, as he contends that the court has misunderstood and misconstrued his claims. According to plaintiff, he "clearly alleged a *Monell* 'custom' existed which caused the other claims, not a 'conspiracy' as the court states." (Docket 25 at 1.) Plaintiff states that the court has not mentioned *Monell* at all. Alternative to holding a hearing so that he may explain his claims, plaintiff requests that the court dismiss this case without prejudice, so that he may appeal directly to the Court of Appeals for the Seventh Circuit.

The court has considered and reconsidered plaintiff's complaint along with his contention that he states a claim against defendants based on his Blue Code of Silence allegations. I have rejected these arguments, as did Judge Randa before me. I will not hold a hearing to consider the issue again.

Plaintiff is advised that his reference to a *Monell* claim is misplaced because *Monell* applies only to municipalities; it does not apply to states. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (municipalities are susceptible to liability under 42 U.S.C. § 1983). In the present case, no defendants are municipalities, and therefore *Monell* is inapplicable.

Next, with regard to plaintiff's request for dismissal of this case without prejudice so that he may appeal, plaintiff may not appeal from a voluntary dismissal without prejudice in this case. Generally, a plaintiff may not appeal an order of voluntary dismissal without prejudice because dismissal i the relief that the plaintiff requested. *See Cauley v. Wilson*, 754 F.2d 769, 770 (7th Cir. 1985); *Geaney v. Carlson*, 776 F.2d

2

Case 2:15-cv-01435-LA   Filed 12/09/16   Page 2 of 4   Document 27

140, 141-42 (7th Cir. 1985) (same); *Boland v. Engle*, 113 F.3d 706, 714 (7th Cir. 1997) (same); *Lynk v. LaPorte Super. Ct. No. 2*, 789 F.2d 554, 562 (7th Cir. 1986) (explaining that voluntary dismissals are appealable only if a party objects to a condition imposed by the court).

As stated above, in my last order addressing plaintiff's motion for final order, I directed plaintiff to inform the court whether he consented to my entering final judgment on the merits and extinguishing his right to bring stand-alone claims against the defendants. I also advised that if plaintiff did not consent (which he does not), then I would not enter final judgment, and this suit would continue in the district court.

This leaves the case in the same position it was before plaintiff filed his motion for a final order. Under the circumstances, having determined that plaintiff may not proceed on his Blue Code of Silence claim, I will allow plaintiff one more opportunity to file an amended complaint identifying any stand-alone claims upon which he wants to proceed. The court reminds plaintiff that any such claims must be properly joined under Federal Rule of Civil Procedure 18(a), and any parties must be properly joined under Federal Rule of Civil Procedure 20(a).

Plaintiff shall file his amended complaint by December 23, 2016. If plaintiff does not file an amended complaint by December 23, 2016, as described, I will dismiss this case with prejudice for failure to prosecute. **Plaintiff is advised that anything other than a timely filed amended complaint will result in dismissal of this case with prejudice for failure to prosecute.** Plaintiff may appeal such a dismissal.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for final order (Docket 22) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff file an amended complaint, as described herein, on or before **December 23, 2016**, or this case will be dismissed with prejudice for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2016.

BY THE COURT:

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge